```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOSE TORRES,

                     Petitioner,         MEMORANDUM & ORDER
                                         08-CV-0414(JS)(AKT)
        -against-

ROBERT ERCOLE, Superintendent of the
Upstate Correctional Facility,

                     Respondent.
----------------------------------------X
APPEARANCES
For Petitioner:      Jose A. Torres, pro se
                     04-A-2512
                     Green Haven Correctional Facility
                     Stormville, NY 12582

For Respondent:      Edward A. Bannan, Esq.
                     Suffolk County District Attorney's Office
                     200 Center Drive
                     Riverhead, NY 11901
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R"), issued on January 26, 2012. For the following reasons, the Court ADOPTS this R&R in part.

## BACKGROUND

Following a jury trial in the County Court, Suffolk County, Petitioner was convicted of: (1) Criminal Sale of a Controlled Substance in the First Degree (the "Sale Charge") and (2) Criminal Possession of a Controlled Substance in the Second Degree (the "Possession Charge"). On April 27, 2004, Petitioner

was sentenced to concurrent indeterminate prison terms of eighteen years to life for the Sale Charge and five years to life for the Possession Charge plus five years of post-release supervision. That same day, Petitioner filed a notice of appeal from the judgment and sentence to the Appellate Division, Second Department.

On August 2, 2005, while his appeal to the Second Department was pending, Petitioner filed a motion to be re-sentenced. While this motion was pending, Petitioner became eligible to be re-sentenced under N.Y. PENAL LAW 70.71 and the 2005 expansion of the Drug Law Reform Act of 2004. After a hearing on the issue, on November 9, 2005, the County Court vacated Petitioner's sentence, and re-sentenced him to concurrent determinate prison terms of eighteen years for the Sale Charge and eight years for the Possession Charge plus five years of post-release supervision. On November 18, 2005, Petitioner filed a notice of appeal from this re-sentence to the Second Department.

On December 19, 2006, the Second Department issued an order on both pending appeals. The court found that: (1) the re-sentence was excessive and (2) the legal sufficiency of his conviction on the Sale Charge was unpreserved for appellate review and the claim was otherwise without merit. People v. Torres, 35 A.D.3d 769, 770, 826 N.Y.S.2d 899, 889-900 (2d Dep't

2

2006). The court did not specifically discuss the Possession Charge but nonetheless affirmed the judgment in its entirety. Id. The court also reduced Petitioner's sentence on the Sale Charge to a determinate term of twelve years. Id. Petitioner's application for leave to appeal to the Court of Appeals was denied on March 29, 2007. People v. Torres, 8 N.Y.3d 927, 834 N.Y.S.2d 518 (2007).

Petitioner then collaterally moved under N.Y. CRIM. PROC. Law § 440.10 for an order vacating the judgment of conviction on the grounds that he was denied effective assistance of counsel: (1) because his trial counsel failed to challenge the legal sufficiency of the evidence; and (2) because trial counsel failed to move to dismiss the indictment pursuant to the speedy trial act, N.Y. CRIM. PROC. Law § 30.30. The County Court denied this motion on March 28, 2008, holding that: (1) the trial counsel's failure to challenge the legal sufficiency of the evidence did not prejudice Petitioner because the Second Department found that the evidence was legally sufficient to establish his guilt beyond a reasonable doubt and (2) the ineffective assistance claim based on counsel's failure to move to dismiss on speedy trial grounds was procedurally barred as it should have been raised on direct appeal. People v. Torres, No. 2185A-2003 (Cnty. Ct. Suffolk Cnty. Mar. 28, 2008).

Petitioner filed the instant Petition for a writ of habeas corpus under 28 U.S.C. § 2254 on January 28, 2008. The Petition was submitted on the standard form provided by the Pro Se Office.[1] In the section of the form asking Petitioner to list every ground on which he challenges his conviction, Petitioner lists two: (1) "Appellant's conviction of [the Sale Count] must be dismissed since the [P]eople failed to produce legally sufficient evidence to rebut that [Petitioner] was acting solely as an agent of the buyer" (Pet. at 6) and (2) "[b]ecause the evidence did not establish that [Petitioner] had authority or any control whatsoever over either the cocaine or the seller, it was insufficient to establish that [he] was in constructive possession of the drugs" (Pet. at 7). In the section of the form asking Petitioner to specify the relief he seeks, he states: "dismissal of indictment based on speedy trial grounds 30.30." (Pet. 15.)[2]

On April 28, 2009, the Petition was referred to Judge Tomlinson for an R&R. On January 26, 2012, Judge Tomlinson issued an R&R recommending that the Petition be denied because: (1) Petitioner's claims arising out of both the Sale and

---

[1] Available at http://www.nyed.uscourts.gov/pub/docs/courtforms/PRO%20SE%202254.pdf.

[2] Violation of N.Y. CRIM. PROC. LAW 30.30, however, was not included in his list of "grounds" allegedly entitling him to relief.

4

Possession Charges are procedurally barred, and (2) even if the claims are not procedurally barred, they are without merit. Judge Tomlinson also recommended that the Court not issue a Certificate of Appealability. Judge Tomlinson ordered counsel for Respondent to serve a copy of the R&R on Petitioner, which he did on February 9, 2012.

No party has objected to any portion of Judge Tomlinson's R&R.

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted). Here, no party has objected to Judge Tomlinson's R&R; therefore the Court reviews it for clear error.

The Court construes the Petition as raising three grounds for relief: (1) that there was a violation of N.Y. CRIM. PROC. LAW § 30.30; (2) that there was legally insufficient evidence to establish Petitioner's guilt on the Sale Charge beyond a reasonable doubt; and (3) that there was legally insufficient evidence to establish Petitioner's guilt on the

5

Possession Charge beyond a reasonable doubt. Judge Tomlinson's R&R did not address Petitioner's argument under N.Y. Crim. Proc. Law § 30.30;[3] therefore, the Court must address this claim de novo before reviewing the R&R for clear error.

I. Violation of § 30.30

The Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990)). Rather, in analyzing a petition for a writ of habeas corpus under 28 U.S.C. § 2254, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. at 68 (citations omitted); see also 28 U.S.C. § 2254(a). Accordingly, Petitioner's claim that he was denied his statutory rights under N.Y. Crim. Proc. Law § 30.30 does not entitle him to federal habeas relief and must be dismissed. See, e.g., Cummings v. Burge, 581 F. Supp. 2d 436, 445 (W.D.N.Y. 2008) ("To the extent that [the petitioner] alleges a denial of his statutory rights under [N.Y. Crim. Proc. Law] § 30.30, that claim is not cognizable on habeas review."); Kevilly v. Connell,

---

[3] The Court notes that Respondent also failed to address this claim in his response to the Court's Order to Show Cause.

6

No. 06-CV-5672, 2009 WL 750227, at *6 n.6 (E.D.N.Y. Mar. 19, 2009) (same).[4]

II. Judge Tomlinson's R&R

Judge Tomlinson's R&R makes the following recommendations: (1) that the Petition be denied because Petitioner's claims are procedurally barred, (2) that, in the alternative, the Petition be denied because Petitioner's claims are without merit, and (3) that a Certificate of Appealability not be issued. The Court reviews these recommendations for clear error.

A. Procedural Default

In the context of federal habeas petitions brought by state prisoners, an independent and adequate finding by the state court that a claim was procedurally barred by state law prevents subsequent habeas review of that claim in federal court. See Harris v. Reed, 489 U.S. 255, 262, 109 S. Ct 1038, 103 L. Ed. 2d 308 (1989). In addition, federal habeas review is foreclosed where a state court has relied on an independent and adequate state procedural ground, "even where the state court has also ruled in the alternative on the merits of the federal claim." Glenn v. Bartlett, 98 F.3d 721, 724 (2d Cir. 1996)

---

[4] To the extent that Petitioner is asserting a violation of the Sixth Amendment's right to a "speedy trial," the claim is procedurally barred as Petitioner failed to raise this claim on direct appeal. See Cummings, 581 F. Supp. 2d at 445-46.

7

(internal quotation marks and citations omitted). To overcome this barrier to federal review, a state prisoner must "show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris, 489 U.S. at 262 (internal quotation marks and citations omitted).

Here, Judge Tomlinson found that Petitioner's claims relating to both the Sale Charge and Possession Charge are procedurally barred. The Court agrees that Petitioner's claim relating to the Sale Charge is barred: On direct appeal, the Second Department explicitly held that "[Petitioner]'s challenge to the legal sufficiency of his conviction of the criminal sale of a controlled substance in the first degree is unpreserved for appellate review." Torres, 35 A.D.3d at 770, 826 N.Y.S.2d at 899 (citations omitted). The fact that the Second Department went on to rule on the merits of the claim "[i]n any event" does not change the fact that an adequate and independent state procedural rule bars this claim. Id.; see Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990) (finding an adequate and independent state procedural bar where Appellate Division held that federal claims were unpreserved while, "in any event," finding them to be without merit). And Petitioner has not attempted to show cause for the defaults or prejudice, nor has he attempted to show that failure to review the claims would

result in a fundamental miscarriage of justice. Accordingly, the Court adopts this portion of Judge Tomlinson's R&R.

The Court does not, on the other hand, agree that Petitioner's challenge to the legal sufficiency of his conviction on the Possession Charge is procedurally barred. There is no procedural bar unless the last state court rendering a judgment in the case clearly and expressly held that it based its judgment on a state procedural bar. See Coleman v. Thompson, 501 U.S. 722, 733-34, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (citation omitted); Harris, 489 U.S. at 262. Here, the Second Department's decision affirmed the judgment of conviction on the Possession Charge without discussing it at all. Accordingly, the Court finds that Petitioner's claim challenging the sufficiency of his conviction on the Possession Charge is not procedurally barred, and the Court declines to adopt this portion of Judge Tomlinson's R&R. Nevertheless, for the reasons discussed in the portion of the R&R addressing the merits of Petitioner's Possession Charge claim, Petitioner is not entitled to habeas relief.

B. Sufficiency of the Evidence and Certificate of Appealability

The Court has reviewed the remainder of Judge Tomlinson's R&R discussing the merits of Petitioner's Possession Charge claim and whether to issue a Certificate of Appealability

and finds it to be correct, comprehensive, well-reasoned and free of any clear error. Accordingly, the Court ADOPTS these portions of the R&R.

## CONCLUSION

For the foregoing reasons, Judge Tomlinson's R&R is ADOPTED in part, and Petitioner's request for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED. The Court will not issue a Certificate of Appealability. The Clerk of the Court is directed to mark this matter closed and to mail a copy of this Memorandum and Order to the pro se Petitioner.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   March __13__, 2012
         Central Islip, NY